# Attachment Complaint

```
                    FILED
              2025 JUN 17 11:03 AM
                 KING COUNTY
             SUPERIOR COURT CLERK
                    E-FILED
            CASE #: 25-2-17966-4 SEA
```

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| DUANE SELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT, INC., a foreign profit corporation; HOME DEPOT U.S.A., INC., a foreign profit corporation; HOME DEPOT STORE SUPPORT, INC., a foreign profit corporation; HOME DEPOT PRODUCT AUTHORITY, LLC, a foreign limited liability company; HOME DEPOT MANAGEMENT COMPANY, LLC, a foreign limited liability company; HOME DEPOT INCENTIVES, INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Duane Sell ("Plaintiff"), individually and on behalf of all others similarly situated ("Class"), brings this action against Defendants Home Depot, Inc.; Home Depot U.S.A., Inc.; Home Depot Store Support, Inc.; Home Depot Product Authority, LLC; Home Depot Management Company, LLC; and Home Depot Incentives, Inc. (collectively, "Defendants") and alleges, upon personal knowledge as to Plaintiff's own actions and Plaintiff's counsel's investigation, and upon information and belief as to all other matters, as follows:

CLASS ACTION COMPLAINT - 1

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## I. NATURE OF THE CASE

1. This is a class action lawsuit to remedy Defendants' business practice of illegally restricting, restraining, and prohibiting low-wage workers from engaging in lawful professions, trades, and businesses, and from accepting or transacting business with customers in violation of Washington's noncompetition statute, chapter 49.62 RCW.

2. The Washington Legislature ("Legislature") enacted chapter 49.62 RCW, effective January 1, 2020, to facilitate workforce mobility and protect low-wage workers by prohibiting restrictive covenants that limit competition or hiring. See RCW 49.62.005.

3. In so doing, the Legislature found that "[w]orkforce mobility is important to economic growth and development" and that "[a]greements limiting competition or hiring may be contracts of adhesion that may be unreasonable." RCW 49.62.005(1)-(2).

4. The Legislature defined a "noncompetition covenant" to include "every written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind." RCW 49.62.010(4).

5. Effective January 1, 2020, "an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed." RCW 49.62.070(1).

6. In prohibiting employers from restricting low-wage workers' ability to hold supplemental employment, the Legislature—as confirmed by the Washington Supreme Court—recognized that "many low wage workers must work multiple jobs" to earn a livable wage and "to provide for themselves and their families." *David v. Freedom Vans, LLC*, 4 Wn.3d 242, 244, 253 (2025). Recognizing this economic reality, the Legislature specifically intended to "broadly protect" these economically vulnerable workers "by allowing them to secure supplemental employment within their industry." *Id.* at 249 n.3 (citing ENGROSSED SUBSTITUTE H.B. 1450, 66th Leg., Reg. Sess. (Wash. 2019)).

CLASS ACTION COMPLAINT - 2

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

p. 14

7. If an employer seeks greater control over their employees by restricting the worker's freedom to hold an additional job, "they have a simple solution—pay the worker more than twice the applicable state minimum hourly wage." *Id.* at 260 (Lewis, J., concurring).

8. To better protect Washington workers from unreasonable and illegal restrictive covenants, the Legislature mandated that chapter 49.62 RCW "be construed liberally for the accomplishment of its purposes." RCW 49.62.110.

9. In 2024, the Legislature clarified the liberal construction mandate of chapter 49.62 RCW in response to courts "misinterpret[ing]" the statutory provisions and "fail[ing] to embrace that the statute should be liberally construed." S.B. REP. ON ENROLLED SUBSTITUTE S.B. 5935, 68th Leg., Reg. Sess. (Wash. Feb. 6, 2024) ("ESSB 5935 Bill Report"). The Legislature emphasized the importance of this liberal mandate by repeating its express requirement that courts "liberally constru[e]" the "provisions in [chapter 49.62 RCW] facilitating workforce mobility and protecting employees and independent contractors" and "narrowly constru[e]" its exceptions. RCW 49.62.005(3); SSB 5935, 68th Leg., Reg. Sess. (Wash. 2024) (effective June 6, 2024); *see also David*, 4 Wn.3d at 245, 247, 248-50 (applying liberal construction to RCW 49.62.070).

10. In the 2024 amendments, the Legislature also clarified that the prohibition on noncompetition covenants includes "agreement[s] that directly or indirectly prohibit[] the acceptance or transaction of business with a customer." RCW 49.62.010(4). Making clear that an employer cannot prevent a former employee from accepting business from customers. ESSB 5935 Bill Report at 4. This amendment was, again, in direct response to "courts . . . misconstru[ing] nonacceptance of business clauses as nonsolicitation covenants." *Id.*

11. Supporters of the 2024 amendments, which strengthened worker protections, highlighted the harm of noncompete clauses generally, noting that these restrictions "interfere with a person's ability to seek or accept a new job," "suppress wages[,] and allow[] large companies to control workers." ESSB 5935 Bill Report at 4.

12. In violation of chapter 49.62 RCW generally, and RCW 49.62.070 specifically, Defendants unlawfully restricted, restrained, or prohibited Plaintiff and over 40 Class members

CLASS ACTION COMPLAINT - 3

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

...

1  from having an additional job, supplementing their income by working for another employer,
2  working as an independent contractor, or being self-employed, while paying them less than twice
3  the applicable state minimum hourly wage.

4      13. Plaintiff and Class members seek declaratory and injunctive relief to address
5  Defendants' illegal actions, and statutory damages pursuant to RCW 49.62.080.

## II. JURISDICTION AND VENUE

7      14. This Court has jurisdiction over this action pursuant to RCW 2.08.010.

8      15. Venue is proper in this Court pursuant to RCW 4.12.020 because the acts and
9  omissions alleged took place, in whole or in part, in King County, Washington and pursuant to
10  RCW 4.12.025 because Defendants transact business in King County, Washington.

## III. PARTIES

12      16. Plaintiff Duane Sell resides in Snohomish County, Washington and was employed
13  by Defendants in Washington.

14      17. Defendant Home Depot, Inc. is a foreign profit corporation that regularly transacts
15  business in King County, Washington and has multiple offices and stores for the transaction of
16  business in King County, Washington, including at 2701 Utah Avenue South, Seattle, Washington
17  98134; 325 120th Avenue Northeast, Bellevue, Washington 98005; and 370 Corporate Drive
18  North, Tukwila, Washington 98188.

19      18. Defendant Home Depot U.S.A., Inc. is a foreign profit corporation that regularly
20  transacts business in King County, Washington and has multiple offices and stores for the
21  transaction of business in King County, Washington, including at 2701 Utah Avenue South,
22  Seattle, Washington 98134; 325 120th Avenue Northeast, Bellevue, Washington 98005; and 370
23  Corporate Drive North, Tukwila, Washington 98188.

24      19. Defendant Home Depot Store Support, Inc. is a foreign profit corporation that
25  regularly transacts business in King County, Washington and has multiple offices and stores for
26  the transaction of business in King County, Washington, including at 2701 Utah Avenue South,
27  Seattle, Washington 98134; 325 120th Avenue Northeast, Bellevue, Washington 98005; and 370

CLASS ACTION COMPLAINT - 4

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

p. 16

Corporate Drive North, Tukwila, Washington 98188.

20. Defendant Home Depot Product Authority, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has offices and stores for the transaction of business in King County, Washington, including at 2701 Utah Avenue South, Seattle, Washington 98134; 325 120th Avenue Northeast, Bellevue, Washington 98005; and 370 Corporate Drive North, Tukwila, Washington 98188.

21. Defendant Home Depot Management Company, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has offices and stores for the transaction of business in King County, Washington, including at 2701 Utah Avenue South, Seattle, Washington 98134; 325 120th Avenue Northeast, Bellevue, Washington 98005; and 370 Corporate Drive North, Tukwila, Washington 98188.

22. Defendant Home Depot Incentives, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has multiple offices and stores for the transaction of business in King County, Washington, including at 2701 Utah Avenue South, Seattle, Washington 98134; 325 120th Avenue Northeast, Bellevue, Washington 98005; and 370 Corporate Drive North, Tukwila, Washington 98188.

23. Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

### IV.   STATEMENT OF FACTS

24. Defendants own and operate a chain of big-box warehouse retail stores and operate internationally, including through Washington and King County.

25. Plaintiff and Class members are current and former Washington employees of

CLASS ACTION COMPLAINT - 5

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

p. 17

1  Defendants.

2  26. Washington's minimum wages and the earnings thresholds set forth by RCW 49.62.070(1) during the relevant time periods are as follows:

| Year | Washington Min. Wage | RCW 49.62.070(1) Threshold |
|---|---|---|
| 2020 | $13.50 per hour | $27.00 per hour |
| 2021 | $13.69 per hour | $27.38 per hour |
| 2022 | $14.49 per hour | $28.98 per hour |
| 2023 | $15.74 per hour | $31.48 per hour |
| 2024 | $16.28 per hour | $32.56 per hour |
| 2025 | $16.66 per hour | $33.32 per hour |

*History of Washington State's Minimum Wage*, Wash. State Dep't of Lab. & Indus., https://lni.wa.gov/workers-rights/wages/minimum-wage/history-of-washington-states-minimum-wage (last visited June 16, 2025); RCW 49.62.070(1).

27. Defendants paid Plaintiff and Class members less than twice the applicable state minimum wage during their employment.

28. Plaintiff and Class members were subject to one or more written or oral covenants, agreements, or contracts restricting, restraining, and/or prohibiting them from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

29. By restricting, restraining, and/or prohibiting Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed while paying them less than twice the applicable state minimum hourly wage, Defendants violated Plaintiff and Class members' civil rights under chapter 49.62 RCW.

30. Plaintiff and Class members suffered economic and non-economic harm and damages as a result of being restricted, restrained, or prohibited from having an additional job by

CLASS ACTION COMPLAINT - 6

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

p. 18

Defendants.

31.  Plaintiff and each Class member seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

## V. CLASS ACTION ALLEGATIONS

32.  <u>Class Definition</u>. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of the Class defined as follows ("Class"):

> All current and former employees of Home Depot, Inc.; Home Depot U.S.A., Inc.; Home Depot Store Support, Inc.; Home Depot Product Authority, LLC; Home Depot Management Company, LLC; and/or Home Depot Incentives, Inc. who worked in Washington and earned less than twice the applicable state minimum hourly wage at any time from June 17, 2022, through the date notice is provided to the Class.

33.  Excluded from the Class are Defendants and their officers and directors, and any judge to whom this case is assigned, as well as his or her staff and immediate family.

34.  <u>Numerosity</u>. There are potentially hundreds of Washington employees who earned less than twice the applicable state minimum hourly wage, and were restricted, restrained, or prohibited from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

35.  <u>Commonality</u>. Because Class members were subject to identical or virtually identical policies and practices as Plaintiff, this is a straightforward matter of determining whether Defendants' actions violate Washington law and, if so, assessing statutory damages.

36.  <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members all worked for Defendants in Washington, earned less than twice the applicable state minimum hourly wage, and were restricted, restrained, or prohibited from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

CLASS ACTION COMPLAINT - 7

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

p. 19

37. _Adequacy._ Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to or that conflict with those of the Class.

38. _Predominance._ Defendants have engaged in a common course of conduct of restricting, restraining, or prohibiting low-wage workers from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed in violation of RCW 49.62.070. The common issues arising from Defendants' unlawful conduct affect Plaintiff and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

39. _Superiority._ Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful conduct. However, absent a class action, most if not all, Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members and the agreements they were requested or required to enter into are readily identifiable through Defendants' records.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of RCW 49.62.070**
_Claim of Relief for Plaintiff and Class_

40. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

CLASS ACTION COMPLAINT - 8

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

p. 20

41. Defendants are each an "employer" as defined by RCW 49.62.010(2).

42. Plaintiff and Class members are "employees" as defined by RCW 49.62.010(2).

43. Defendants employed Plaintiff and Class members in Washington.

44. Plaintiff and Class members earned less than twice the applicable state minimum wage from Defendants.

45. Defendants restricted, restrained, or prohibited Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

46. Defendants' actions and omissions violate RCW 49.62.070.

47. As a result of Defendants' actions and omissions, Plaintiff and Class members have experienced economic and non-economic harm.

48. Plaintiff and Class members each seek $5,000 in statutory damages, plus their costs and reasonable attorneys' fees pursuant to RCW 49.62.080.

## VII. REQUEST FOR RELIEF

Plaintiff, individually and on behalf of all members of the Class, requests that the Court enter judgment against Defendants as follows:

49. An order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

50. Statutory damages of $5,000 to Plaintiff and each Class member pursuant to RCW 49.62.080;

51. Attorneys' fees and costs pursuant to RCW 49.62.080;

52. Pre- and post-judgment interest;

53. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendants from engaging in the conduct complained of herein;

54. Declaratory relief to the effect that Defendants' anti-moonlighting policies violate Washington law;

55. Leave to amend this complaint to conform to the evidence; and

CLASS ACTION COMPLAINT - 9

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

p. 21

56. Any additional or further relief the Court deems equitable, appropriate, or just.

DATED June 17, 2025

EMERY | REDDY, PLLC

By: */s/ Timothy W. Emery*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com
*Attorneys for Plaintiff Duane Sell*

CLASS ACTION COMPLAINT - 10

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

p. 22