UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DUANE SELL,

           Plaintiff,

    v.

HOME DEPOT INC. et al.,

           Defendants.

CASE NO. 2:25-cv-01297-LK

ORDER DENYING MOTION TO COMPEL AND FOR PROTECTIVE ORDER

This matter comes before the Court on Plaintiff Duane Sell's Motion to Compel Discovery and for a Protective Order. Dkt. No. 26. For the reasons stated below, the Court DENIES the motion.

On January 23, 2026—the deadline to complete discovery on class certification, Dkt. No. 25—Sell filed the present motion seeking to compel discovery related to class certification and requesting a protective order. Discovery motions related to class certification were due on December 10, 2025. Dkt. No. 19 at 1. Sell could have, but did not, seek any extensions of the deadline to file discovery motions related to class certification, nor does he address the relevant legal standards in his motion. Fed. R. Civ. P. 6(b)(1)(B); *Pincay v. Andrews*, 389 F.3d 853, 855

ORDER DENYING MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 1

(9th Cir. 2004); *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). Indeed, Sell only states that "an extension of all applicable class-related discovery deadlines, including the deadline to file discovery-related motions and for Plaintiff to file his class certification motion is warranted under these circumstances." Dkt. No. 26 at 7. This request, noted for March 6, 2026, violates the Court's scheduling order, Dkt. No. 19, and Local Civil Rules 7(j) and 16(b). Additionally, Sell failed to include a meet and confer certification as required by Federal Rule of Civil Procedure 37, Local Civil Rule 37, and this Court's Standing Order, Dkt. No. 10-1 at 5, for motions to compel discovery. Sell's vague reference that "[t]he [p]arties met and conferred on this dispute in accordance with the Court's standing order but were unable to reach a resolution," Dkt. No. 26 at 10, does not meet this standard, especially considering Home Depot's representation that Sell "did not even meet and confer in good faith on the discovery sought in this motion," Dkt. No. 31 at 2. Accordingly, the Court denies Sell's request for an order compelling discovery.

Sell also seeks a protective order "restricting Home Depot from communicating with [putative class members] or relying upon their attestations in support of its position" until the so-called "informational asymmetry," discussed in the motion to compel, "is redressed." Dkt. No. 26 at 7. As with a motion to compel discovery, "[a]ny motion for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action." LCR 26(c)(1); *see also* Fed. R. Civ. P. 26(c). Sell did not include such certification, and again, his vague reference to a meet and confer, Dkt. No. 26 at 10, does not comply with those court rules or state that the parties discussed this particular issue.

Moreover, Rule 23(d) does not support the issuance of a protective order to "level[] the playing field," Dkt. No. 26 at 7, in this context. Considering the timeline presented in Sell's motion, any "informational asymmetry" is largely a consequence of Sell's delay in filing his motion to

ORDER DENYING MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 2

compel discovery until after the deadline to do so. According to Sell, the timeline unfolded as follows:

- On approximately September 9, 2025, Sell "served his first set of interrogatories and requests for production on Home Depot," seeking "the identification and contact information of all witnesses and the 21,468 putative class members identified in the removal notice." *Id.* at 2.[1]

- On October 14, 2025, Home Depot served its initial disclosures, identifying only "the Plaintiff, Duane Sell; a single store manager, Jonathan Peters; its district manager, Shawn Dixon; and Human Resources Manager, Carla Gomes Peach" as "witnesses likely to have discoverable information." *Id.* (citation modified).

- In discovery responses dated October 30, 2025, Home Depot provided a page of "boilerplate objections," while offering only to "meet and confer regarding an appropriate sample of putative class members." *Id.*

- On December 10, 2025, "[t]he Deadline to file motions relating to discovery on class certification passed[.]" *Id.* at 3.

- On December 11, 2025, Sell first became aware of Home Depot's contact with putative class members when counsel "received an unsolicited telephone call from a putative class member." *Id.*

- On January 8, 2026, the Parties met and conferred. Home Depot "agreed to stipulate to a two-week extension to the class discovery deadline and to consider providing a 7.5% sampling as a class list[.]" *Id.*

This timeline indicates that Sell knew about Home Depot's objections to his request for "identification and contact information of all witnesses and the 21,468 putative class members identified in the removal notice" and had been in possession of Home Depot's purportedly deficient response for over a month prior to the discovery motions deadline. *See generally id.* at 2. Yet Sell allowed the discovery motions deadline to lapse without filing a motion to compel the requested information. Then, once he learned that Home Depot had used information about putative class members to "communicate with [them] for the purposes of investigating Plaintiff's

---

[1] Sell violated Local Civil Rule 10(e)(10) by failing to mark his exhibits to designate the evidence referred to in his filings. *See, e.g.*, Dkt. No. 27.

ORDER DENYING MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 3

claims," he requested that the Court prohibit Home Depot from doing so to "ensure that Plaintiff is provided an equal opportunity to examine these witnesses and equal footing with regard to his forthcoming motion for class certification." *Id.* at 8. That Sell failed to obtain information about putative class members during discovery that he now realizes would be helpful in his forthcoming motion for class certification is not an appropriate basis for an untimely motion for a protective order. To the extent that Sell has genuine concerns about "Home Depot's devotion of significant resources to the interrogation of its lowest-wage employees," *id.* at 9, he has not provided a sufficient record for the Court to grant the requested relief. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981) ("[T]o restrict certain communications in order to prevent frustration of the policies of Rule 23," a district court must have "a specific record showing by the moving party of the particular abuses by which it is threatened" and the relief must "be consistent with the policies of Rule 23 giving explicit consideration to the narrowest possible relief which would protect the respective parties." (citation modified)). Therefore, the Court denies Sell's request for a protective order.

For the foregoing reasons, the Court DENIES Sell's Motion to Compel Discovery and for a Protective Order. Dkt. No. 26.[2]

Dated this 16th day of March, 2026.

Lauren King
United States District Judge

---

[2] In its response to Sell's motion, Home Depot requests that the Court "allow Defendants to move for their reasonable attorney's fees and costs in opposing this baseless motion." Dkt. No. 31 at 2. The Court does not consider this procedurally improper request for relief. *Sergeant v. Bank of Am., N.A.*, No. C17-5232-BHS, 2018 WL 1427345, at *1 n.2 (W.D. Wash. Mar. 22, 2018).

ORDER DENYING MOTION TO COMPEL AND FOR PROTECTIVE ORDER - 4